UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAROUSH EBRAHIME, | ) | |
| | ) | Case No.  09 C 1534 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Cole |
| | ) | |
| THOMAS J. DART, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT PROPOSED DISCOVERY PLAN

Plaintiff, Daroush Ebrahime, by and through his attorney, and the Defendants, by and through their attorney, have conferred pursuant to Fed. R. Civ. P. 26(f) and now submit this proposed discovery plan pursuant to Fed R. Civ. P. 26(f)(3):

**A.    Changes to Standard Rule 26(a) Disclosures**

The parties see no need for changes to the standard Rule 26(a) disclosures and propose to make their disclosures on or before September 1, 2009.

**B.    Subjects on Which Discovery May Be Needed**

- The identities of certain unknown Defendants.

- Whether the Defendants were or are deliberately indifferent to Plaintiff's medical needs;

- Whether the Defendants' customs, policies, and practices establish *Monell* liability for an alleged failure to instruct, supervise, and provide adequate health care to Plaintiff;

- Whether the Defendants' conduct constituted intentional infliction of emotional distress under Illinois common law.

The parties see no need to phase or limit discovery. The Court has proposed that fact discovery close by April 30, 2009. The parties agree this date is acceptable.

**C.    E-Discovery issues and production**

It is unclear at this time whether Defendants possess any electronically-stored information in this case. Plaintiff has no electronically-stored information to disclose. If such e-discovery is identified, Plaintiff agrees to receive hard copies of any e-discovery materials in an effort to minimize costs. However, Plaintiff reserves the right to seek production in TIF or another electronic form at a later date if it appears that embedded electronic information is relevant to a claim or defense.

**D.    Privilege Claims**

Aside from Plaintiff's medical files, the parties are not aware of any privilege or medical privacy concerns at this time. In the event discovery yields information implicating such a concern, the parties will endeavor to resolve any privacy or privilege concerns by redacting the privileged information. To the extent the parties cannot agree on such redactions, the parties will seek guidance from the Court as may be necessary.

**E.    Changes to Discovery Limitations**

None.

**F.    Other Orders the Court Should Issue Under Rule 26(c)**

None.

Dated:  August 24, 2009

Respectfully submitted,


By:  /s/ Mark W. Bina                    By: /s/
Mark W. Bina                             Trey Berre
KRIEG DEVAULT LLP                        Assistant State's Attorney
33 N. LaSalle St., Suite 2412            Cook County State's Attorney's Office
Chicago, Illinois 60602                  500 Richard J. Daley Center
(312) 423-9305                           Chicago, IL  60602
mbina@kdlegal.com                        tberre@cookcountygov.com

*Plaintiff's Counsel*                    *Defendants' Counsel*


KD_2241144_1.DOC